# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 161

In the Matter of the Application for
Disciplinary Action Against Mark J.
Pilch, a member of the the Bar of
the State of North Dakota

----------

Disciplinary Board of the Supreme Court
of the State of North Dakota,                                    Petitioner

    v.

Mark J. Pilch,                                                              Respondent

## No. 20230147

Application for disciplinary action.

DISBARMENT ORDERED.

Per Curiam.

1

# Disciplinary Board v. Pilch
## No. 20230147

**Per Curiam**

[¶1]   The Supreme Court has before it a report from a hearing panel of the disciplinary board recommending Mark J. Pilch be disbarred from the practice of law in North Dakota, refund the client in the amount of $2,250, and pay $250 in costs and expenses of the disciplinary proceeding. We adopt the hearing panel's findings and recommended sanctions and order disbarment.

[¶2]   Pilch was admitted to practice law in North Dakota on April 29, 2019. Pilch's license was suspended October 31, 2022, for failing to comply with continuing education reporting requirements. He did not pay a license fee for 2023, and is not licensed at this time. Pilch practiced law at Pilch Law Firm in Fargo, North Dakota.

[¶3]   On August 18, 2022, Pilch was served with a summons and petition for discipline. Pilch failed to answer the petition and Disciplinary Counsel moved for default. Pilch is in default and the charges in the amended petition for discipline are deemed admitted under N.D.R. Lawyer Discipl. 3. l(E)(2).

[¶4]   On May 12, 2023, the hearing panel filed default findings of fact, conclusions of law, and recommendations for discipline. The hearing panel found Pilch was retained to represent an individual to draft a will and a minor child's name change. Pilch failed to effectively communicate with the client and communication deteriorated as time passed. Pilch did some work related to the name change, but did not complete any work on the will. He did not return any unearned portion of the fee or provide the client with a copy of his file.

[¶5]   The hearing panel concluded Pilch's conduct violated N.D.R.Prof. Conduct 1.3, Diligence, by abandoning his client and not fulfilling the terms or accomplishing the objectives of the representation; 1.4, Communication, by failing to make reasonable efforts to keep his client informed as to the status of the representation, and; 1.16, Declining or Terminating Representation, by failing to take reasonable and practicable steps to protect the client's interests, specifically, but not limited to, providing notice of discontinuation of services,

provision of a refund of unearned monies, and surrendering property to which the client was entitled. The hearing panel concluded the client was injured as a result of Pilch's conduct, because Pilch knowingly ceased representation; did not complete the objectives as outlined by the client; did not refund any unearned monies; and converted the monies that were paid to him.

[¶6] The hearing panel considered the appropriate sanction under the North Dakota Standards for Imposing Lawyer Sanctions, and concluded disbarment was the appropriate sanction. Pilch abandoned his client by not fulfilling the terms or accomplishing the objectives of the representation, failed to keep the client reasonably informed as to the status of the representation, and failed to take steps reasonably necessary to protect the client's interests.

[¶7] On May 12, 2023, this matter was referred to this Court under N.D.R. Lawyer Discipl. 3.1(F)(2). The hearing panel's report was served on Pilch and disciplinary counsel on May 18, 2023, and forwarded to the Supreme Court. Objections were due within 20 days of service of the report. No objections were received, and the matter was submitted to the Court for consideration.

[¶8] IT IS ORDERED that the findings of fact, conclusions of law, and recommendations by the hearing panel are accepted.

[¶9] IT IS FURTHER ORDERED that Mark J. Pilch is DISBARRED from the practice of law, effective immediately.

[¶10] IT IS FURTHER ORDERED that Pilch pay restitution to the client in the amount of $2,250 within 30 days of entry of judgment.

[¶11] IT IS FURTHER ORDERED that Pilch pay the costs and expenses of these disciplinary proceedings in the amount of $250, payable to the Secretary of the Disciplinary Board, 600 East Boulevard Avenue, Dept. 180, Bismarck, North Dakota 58505-0530, within 30 days of entry of judgment.

[¶12] IT IS FURTHER ORDERED that for any amounts already paid by the North Dakota Client Protection Fund on Pilch's behalf, he make restitution within 90 days of entry of the judgment in this matter. For any amounts

3

relating to this matter paid in the future by the North Dakota Client Protection Fund, Pilch make restitution to the Fund within 90 days of receiving notice payment was made.

[¶13] IT IS FURTHER ORDERED that any reinstatement is governed by N.D.R. Lawyer Discipl. 4.5 and cannot occur until at least five years from the effective date of disbarment and compliance with the conditions of this order.

[¶14] IT IS FURTHER ORDERED that Pilch comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶15] Jon J. Jensen, C.J.
　　　 Daniel J. Crothers
　　　 Lisa Fair McEvers
　　　 Jerod E. Tufte
　　　 Douglas A. Bahr