# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2023 ND 186

In the Matter of the Application for

Disciplinary Action Against Mark J.

Pilch, a person addmitted to the the Bar of

the State of North Dakota

----------

Disciplinary Board of the Supreme Court

of the State of North Dakota,                                     Petitioner

     v.

Mark J. Pilch,                                                           Respondent

### No. 20230265, 20230266

Application for disciplinary action.

DISBARMENT ORDERED.

Per Curiam.

[¶1]   The Supreme Court has before it a report from a hearing panel of the disciplinary board recommending Mark J. Pilch be disbarred from the practice of law in North Dakota, refund the client in the amount of $1,250, and pay $250 in costs and expenses of the disciplinary proceeding. We adopt the hearing panel's findings and recommended sanctions and order disbarment.

[¶2]   Pilch was admitted to practice law in North Dakota on April 29, 2019. Pilch's license was suspended October 31, 2022, for failing to comply with continuing education reporting requirements. He did not pay a license fee for

1

2023, and is not licensed at this time. In two separate matters, Pilch was disbarred and suspended for one year, both effective August 17, 2023. *See Disciplinary Bd. v. Pilch*, 2023 ND 161, 994 N.W.2d 417; *See Disciplinary Bd. v. Pilch*, 2023 ND 162, 994 N.W.2d 390. Pilch practiced law at Pilch Law Firm in Fargo, North Dakota.

[¶3]   Assistant Disciplinary Counsel filed an affidavit outlining unsuccessful efforts to serve Pilch in these disciplinary matters. Therefore, service in this matter was made on the Clerk of the Supreme Court under Admission to Practice R. 1. Pilch failed to answer the petition and Disciplinary Counsel moved for default. Pilch is in default and the charges in the amended petition for discipline are deemed admitted under N.D.R. Lawyer Discipl. 3. l(E)(2).

[¶4]   On July 24, 2023, the hearing panel filed default findings of fact, conclusions of law, and recommendations for discipline. Two formal matters form the basis of the petition for discipline. In the first matter, Pilch was retained to represent a couple regarding a dispute with a neighbor. He agreed to draft a letter to the neighbor, but did not do so. Pilch did not respond to inquiries from the clients and did not return the retainer to the clients.

[¶5]   The hearing panel concluded Pilch's conduct in the first matter violated N.D.R. Prof. Conduct 1.3, Diligence, by failing to complete the letter requested by the clients which was the objective of the representation; and 1.4, Communication, by failing to keep the clients informed as to his progress with the letter the clients were unable to make informed decisions. The clients did not suffer an injury, but the potential for injury existed.

[¶6]   In the second matter, Pilch was retained for $1,250 to assist a client with the sale of his home. Pilch drafted the purchase agreement and was initially somewhat communicative. Starting approximately one month before the closing, the client was unable to reach Pilch. The client contacted the title company, which was also unable to reach Pilch. Pilch did not attend the closing. The hearing panel concluded Pilch's conduct in the second matter violated N.D.R. Prof. Conduct 1.16, Declining or Terminating Representation, by failing to take reasonably practicable steps to protect the client's interests,

specifically, but not limited to the providing of notice of discontinuation of services and provision of a refund of unearned monies.

[¶7] In the second matter, the hearing panel recommended we find Pilch violated N.D.R. Prof. Conduct 1.16(e) by abandoning the client during the pendency of the representation and that the abandonment removed Pilch's entitlement to the flat fee. As we held in *Baird v. Disciplinary Board*, "Rule 1.16(e) imposes on a lawyer the obligations to refund fees and return files upon termination of the representation. 'Terminating the representation' is not a violation of Rule 1.16(e); rather it is the trigger for the requirements to refund fees and return files." 2022 ND 146, 977 N.W.2d 702. We noted another jurisdiction concluded a lawyer abandoned his practice through a temporary gap in representations, followed by resumed representations. *Id.* (*citing In re Discipl. Proc. Against Wickersham*, 178 Wash.2d 653, 310 P.3d 1237, 1243-44 (2013)). In *Baird*, we concluded that the hearing panel found Baird abandoned the client, but it did not find he abandoned his law practice. Similarly, in this matter, the hearing panel concluded Pilch abandoned his client during representation but did not conclude Pilch abandoned his law practice. However, as in *Baird*, absent objection by Pilch and absent the benefit of the full vigor of the adversarial process to resolve this question, for purposes of this matter, we determine Pilch temporarily abandoned his practice, including his representation of the second client.

[¶8] The hearing panel considered the appropriate sanction under the North Dakota Standards for Imposing Lawyer Sanctions, and concluded reprimand was the appropriate sanction in the first matter and disbarment in the second matter. Based on both matters, the hearing panel recommended disbarment.

[¶9] On July 24, 2023, this matter was referred to this Court under N.D.R. Lawyer Discipl. 3.1(F)(2). The hearing panel's report was served on the Clerk of the Supreme Court and disciplinary counsel on August 10, 2023, and forwarded to the Supreme Court. Objections were due within 20 days of service of the report. No objections were received, and the matter was submitted to the Court for consideration. The Court considered the matter, and:

3

[¶10] IT IS ORDERED that as outlined above, the findings of fact, conclusions of law, and recommendations by the hearing panel are accepted.

[¶11] IT IS FURTHER ORDERED that Mark J. Pilch is DISBARRED from the practice of law, effective immediately.

[¶12] IT IS FURTHER ORDERED that Pilch pay restitution to the client in the second matter in the amount of $1,250 within 30 days of entry of judgment.

[¶13] IT IS FURTHER ORDERED that Pilch pay the costs and expenses of these disciplinary proceedings in the amount of $250, payable to the Secretary of the Disciplinary Board, 600 East Boulevard Avenue, Dept. 180, Bismarck, North Dakota 58505-0530, within 30 days of entry of judgment.

[¶14] IT IS FURTHER ORDERED that for any amounts already paid by the North Dakota Client Protection Fund on Pilch's behalf, he make restitution within 90 days of entry of the judgment in this matter. For any amounts relating to this matter paid in the future by the North Dakota Client Protection Fund, Pilch make restitution to the Fund within 90 days of receiving notice payment was made.

[¶15] IT IS FURTHER ORDERED that any reinstatement is governed by N.D.R. Lawyer Discipl. 4.5 and cannot occur until at least five years from the effective date of disbarment and compliance with the conditions of this order.

[¶16] IT IS FURTHER ORDERED that Pilch comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶17] Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr

4