# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2024 ND 35

In the Matter of the Application for
Disciplinary Action Against Mark J.
Pilch, a person admitted to the the Bar of
the State of North Dakota

----------

Disciplinary Board of the Supreme Court
of the State of North Dakota,                                    Petitioner

    v.

Mark J. Pilch,                                                   Respondent

### No. 20240023

Application for disciplinary action.

DISBARMENT ORDERED.

Per Curiam.

[¶1]  The Supreme Court has before it a report from a hearing panel of the disciplinary board recommending Mark J. Pilch be disbarred from the practice of law in North Dakota, refund the client in the amount of $2,000, and pay $250 in costs and expenses of the disciplinary proceeding.  We adopt the hearing panel's findings and recommended sanctions and order disbarment.

[¶2]  Pilch was admitted to practice law in North Dakota on April 29, 2019. Pilch's license was suspended October 31, 2022, for failing to comply with continuing education reporting requirements.  He did not pay a license fee for

1

2023, and is not licensed at this time. Pilch has been either suspended or disbarred in five separate matters. *See Disciplinary Bd v. Pilch*, 2023 ND 161, 994 N.W.2d 417; *Disciplinary Bd. v. Pilch*, 2023 ND 162, 994 N.W.2d 390; *Disciplinary Bd. v. Pilch*, 2023 ND 186, 996 N.W.2d 325; and *Disciplinary Bd. v. Pilch*, 2023 ND 187, 996 N.W.2d 302. Pilch practiced law at Pilch Law Firm in Fargo, North Dakota.

[¶3] Assistant Disciplinary Counsel filed an affidavit outlining unsuccessful efforts to serve Pilch in other recent disciplinary matters. Therefore, service in these matters was made on the Clerk of the Supreme Court under Admission to Practice R. 1. Pilch failed to answer the petition and Disciplinary Counsel moved for default. Pilch is in default and the charges in the petition for discipline are deemed admitted under N.D.R. Lawyer Discipl. 3.1(E)(2).

[¶4] On January 16, 2024, the hearing panel filed default findings of fact, conclusions of law, and recommendations for discipline. Pilch was retained in June 2022 to represent a client in a divorce involving parenting responsibility. The client was not informed of Pilch's hourly rate and was not provided invoices for services. It is unknown whether Pilch earned the entire retainer. The client informed Pilch the situation was urgent and needed Pilch to move quickly to initiate the divorce. These communications occurred throughout June and July 2022. Pilch did not comply with the client's wishes. As a result, the client was served first and listed as the defendant rather than the plaintiff in the divorce proceeding. Pilch did not attempt to achieve the client's objectives regarding parenting arrangements. This failure inhibited the client's ability to have visitation with the child. Pilch did not make the client aware of motions, and failed to respond to the same. Specifically, Pilch failed to respond to a motion to compel discovery and a motion for contempt, fees, and sanctions. Pilch failed to inform the client of hearings and failed to appear on the client's behalf. Specifically, Pilch failed to inform the client of or appear at an ex parte emergency order hearing held on November 18, 2022. The client failed to attend the hearing, and as a result, was negatively affected. Pilch did not complete the representation. Pilch has neither refunded any unearned portion of the retainer nor provided the client a copy of the file. The client was required to retain new counsel due to Pilch's conduct.

2

[¶5] The hearing panel concluded Pilch's conduct violated N.D.R. Prof. Conduct 1.3, Diligence, by abandoning the client and not fulfilling the terms or accomplishing the objectives of the representation. Pilch failed to promptly respond to discovery requests, reply or otherwise comply with a motion to compel and a motion for contempt and failed to attend a scheduled hearing. The hearing panel concluded Pilch's conduct violated N.D.R. Prof. Conduct 1.4, Communication, by failing to make reasonable efforts to keep the client reasonably informed as to the status of the representation, his responsibilities, therein, and the consequences as a result of Pilch's failures; and 1.16, by failing to take reasonably practicable steps to protect the client's interests, including not providing notice of discontinuation of services, not refunding unearned monies, and not surrendering property to which the client was entitled.

[¶6] As we held in *Baird v. Disciplinary Board*, "Rule 1.16(e) imposes on a lawyer the obligations to refund fees and return files upon termination of the representation. 'Terminating the representation' is not a violation of Rule 1.16(e); rather it is the trigger for the requirements to refund fees and return files." 2022 ND 146, 977 N.W.2d 702. We noted another jurisdiction concluded a lawyer abandoned his practice through a temporary gap in representations, followed by resumed representations. *Id.* (*citing In re Discipl. Proc. Against Wickersham*, 178 Wash.2d 653, 310 P.3d 1237, 1243-44 (2013)). In *Baird*, we concluded that the hearing panel found Baird abandoned the client, but it did not find he abandoned his law practice. Similarly, in this matter, the hearing panel concluded Pilch abandoned the client during representation but did not conclude Pilch abandoned his law practice. However, as in *Baird*, absent objection by Pilch and absent the benefit of the full vigor of the adversarial process to resolve this question, for purposes of this matter, we determine Pilch temporarily abandoned his practice, including his representation of the client. The hearing panel considered the appropriate sanction under the North Dakota Standards for Imposing Lawyer Sanctions, and concluded disbarment was appropriate.

[¶7] On January 16, 2024, this matter was referred to this Court under N.D.R. Lawyer Discipl. 3.1(F)(2). The hearing panel's report was served on the Clerk of the Supreme Court and Disciplinary Counsel on January 18, 2024,

3

and forwarded to the Supreme Court. Objections were due within 20 days of service of the report. No objections were received, and the matter was submitted to the Court for consideration. The court considered the matter, and:

[¶8]   IT IS ORDERED that Mark J. Pilch is DISBARRED from the practice of law, effective immediately.

[¶9]   IT IS FURTHER ORDERED that Pilch pay restitution to the client in the amount of $2,000 within 30 days of entry of judgment.

[¶10] IT IS FURTHER ORDERED that Pilch pay the costs and expenses of these disciplinary proceedings in the amount of $250, payable to the Secretary of the Disciplinary Board, 600 East Boulevard Avenue, Dept. 180, Bismarck, North Dakota 58505-0530, within 30 days of entry of judgment.

[¶11] IT IS FURTHER ORDERED that for any amounts already paid by the North Dakota Client Protection Fund on Pilch's behalf, he make restitution within 90 days of entry of the judgment in this matter. For any amounts relating to this matter paid in the future by the North Dakota Client Protection Fund, Pilch make restitution to the Fund within 90 days of receiving notice payment was made.

[¶12] IT IS FURTHER ORDERED that any reinstatement is governed by N.D.R. Lawyer Discipl. 4.5 and cannot occur until at least five years from the effective date of disbarment and compliance with the conditions of this order.

[¶13] IT IS FURTHER ORDERED that Pilch comply with N.D.R. Lawyer disciple. 6.3 regarding notice.

[¶14]  Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr